UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCGRIFF INSURANCE SERVICES, INC., | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:19-CV-01438-X |
| JOFFREY L. CLARK and EDGEWOOD PARTNERS INSURANCE CENTERS, | § § § § § | |
| *Defendants*. | § | |

# **MEMORANDUM OPINION AND ORDER**

Joffrey Clark worked for company A (Regions Financial Corporation ("Regions")), which company B (McGriff Insurance Services, Inc. ("McGriff")) acquired. Clark then quit to work for company C (Edgewood Partners Insurance Centers ("Edgewood")). Clark and company C sued the parent company of company B for a declaratory judgment as to rights under an employment agreement. When company B tried to intervene, the court denied the motion due to a lack of clarity but did so without prejudice so the company could try again. Instead, company B filed this new cause of action, and Clark and company C moved to dismiss [Doc. No. 6]. That motion is ripe, and the Court held a hearing on the motion today. For the reasons explained below, the Court **GRANTS** the motion to dismiss and **DISMISSES**

1

**WITHOUT PREJUDICE** this action.[1] The Court's intention is to re-entertain McGriff's intervention in the original action.

## I. Factual Background

Clark formerly worked in Dallas for McGriff, which is a subsidiary of Branch Banking & Trust Co. (BB&T). Clark quit in January 2019 and began working for Edgewood in Dallas. When Clark accepted business from former customers, BB&T sent cease and desist letters to Clark and Edgewood. Those letters had a Pennsylvania address.

Clark and Edgewood sued BB&T in the U.S. District Court for the Middle District of Pennsylvania.[2] They sought: (1) a declaratory judgment that Clark's agreement not to compete with BB&T was unenforceable to the extent it would keep Clark and Edgewood from serving Clark's long-standing clients who choose without solicitation to move their business to Edgewood, and that Clark owes no other obligations to BB&T arising out of his agreement with Regions; (2) a temporary and permanent injunction keeping BB&T from prohibiting Clark and Edgewood from serving Clark's long-standing clients who choose without solicitation to move their business to Edgewood; and (3) an accounting of money BB&T allegedly owed Clark under his employment agreement. The U.S. District Court for the Middle District of

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] *See Complaint*, Case No. 3:19-CV-00589-X (Jan. 31, 2019) [Doc. No. 1].

Pennsylvania held that venue in Pennsylvania was improper and transferred the case to this Court.

McGriff wanted in, so it filed a motion to intervene as a matter of right with a proposed complaint in intervention asserting: (1) breach of the employment agreement; (2) Texas Uniform Trade Secrets Act violations; (3) federal Defend Trade Secrets Act violations; (4) tortious interference; and (5) conspiracy. Clark and Edgewood didn't oppose permissive intervention but wanted "to continue moving this case toward a resolution on the merits."[3] Clark and Edgewood also informed the Court that, after answering the complaint in intervention, they wanted discovery on McGriff's party status to see if McGriff was the proper party to enforce the employment agreement. McGriff's reply attached an amended draft complaint in intervention, alleging a sixth cause of action—one against Edgewood for breach of a letter agreement between Edgewood and Regions.[4]

The Court denied McGriff's intervention without prejudice, allowing it to revise the motion to address the deficiencies.[5] McGriff conferred with the law clerk in the chambers and opted to file its allegations and six causes of action in a new complaint against Clark and Edgewood in this case. Clark and Edgewood moved to dismiss, and that motion is now ripe.

---

[3] Plaintiffs' *Response and Statement of Non-Opposition to McGriff Insurance Services, Inc.'s Motion to Intervene*, Case No. 3:19-CV-00589-X (April 17, 2019), at 3 [Doc. No. 41].

[4] McGriff claims it is an assignee of Regions rights under the letter agreement.

[5] *See Order*, Case No. 3:19-CV-00589-X (May 29, 2019), at 1 [Doc. No. 44] ("It is unclear to the Court in what capacity or party status McGriff is seeking leave to intervene in this lawsuit.").

3

II. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[6] To survive a motion to dismiss, McGriff must allege enough facts "to state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[9] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[10]

III. Application

Clark and Edgewood moved to dismiss, making four arguments: (1) that these claims should have been brought in the related case; (2) that the lack of clarity that caused the denial of the intervention in the related case shows a lack of standing here; (3) that McGriff is not a party to the letter agreement between Edgewood and Regions

---

[6] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Id.*; *see also Twombly*, 550 U.S. at 545 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

[10] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

4

in count six; and (4) that the letter agreement between Edgewood and Regions lists Delaware in the forum selection clause. McGriff, in response, expresses fatigue at procedural games. It claims it elected to proceed with the cleanest path of filing a new complaint after consultation with the chambers law clerk. The Court takes these arguments in turn.

A. Intervention v. New Complaint

Clark and Edgewood contend that, under Federal Rule of Civil Procedure 24, McGriff could have joined the original action—it should not waste court resources with a new suit by abandoning its efforts at intervention. McGriff responds that Rule 24 does allow intervention, but it does not preclude a separate suit.

Rule 24—which neither party quotes—differentiates between rightful and permissive interventions. Rightful intervention is when one "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[11] Permissive intervention is when one "has a claim or defense that shares with the main action a common question of law or fact."[12] But nothing in Rule 24 mandates that rightful intervention is the only method for bringing one's claims

---

[11] FED. R. CIV. P. 24(a)(2).

[12] *Id.* 24(b)(2)(B).

5

(which is all the more true for a permissive intervention). Instead, those principles are covered by res judicata and collateral estoppel.[13]

But the Court shares Clark and Edgewood's concern about requiring these two suits on the same core issue to proceed on separate tracks. This concern includes the potential for inconsistent jury verdicts. Therefore, the Court prefers to adjudicate these cases together. And as Clark and Edgewood previously agreed that McGriff meets the standard for permissive intervention, the Court will grant this motion to dismiss and dismiss this suit without prejudice.[14]

B. Count VI

Clark and Edgewood also argue the Count VI should be dismissed with prejudice because: (1) McGriff is not a party to the letter agreement between Edgewood and Regions; and (2) the letter agreement lists Delaware in the forum selection clause. McGriff contends it is the assignee of signatory Regions, and that the only proper way to enforce a forum selection clause in the Fifth Circuit is through a motion to transfer for *forum non conveniens*.

But, as expressed above, the Court desires to manage this litigation in one lawsuit. Moreover, while Clark and Edgewood indicated no opposition to permissive

---

[13] *See, e.g.*, *In re Hinsley*, 1998 WL 414302, at *7 (5th Cir. July 15, 1998) ("However, it has been long established that '[t]he law does not impose upon any person absolutely entitled to a hearing the burden of voluntary intervention in a suit to which he is a stranger. . . . Unless duly summoned to appear in a legal proceeding, a person not a privy may rest assured that a judgment recovered therein will not affect his rights.'" (quoting *Chase Nat'l Bank v. Norwalk*, 291 U.S. 431, 441 (1934))).

[14] Clark and Edgewood also argue that a lack of clarity in McGriff's motion to intervene indicates a lack of standing. If that argument is true, the Court will address it in a motion to dismiss a complaint in intervention in the original case.

6

intervention in the original action, they have raised the spectre of standing in this action. They may well assert those standing arguments if and when McGriff intervenes in the original action in response to any complaint. And because courts are to address standing arguments before reaching merits issues (such as Clark and Edgewood's third argument), it is premature for the Court to address whether McGriff can assert such a claim (or whether such a claim should be dismissed or transferred to Delaware because of the forum selection clause).

IV. Conclusion

For these reasons, the Court **GRANTS** Clark and Edgewood's motion to dismiss to allow for McGriff's intervention in the original action and a more orderly resolution of this dispute. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this action. The Court declines to rule on whether McGriff may bring Count VI or whether that claim must be transferred.

**IT IS SO ORDERED** this 24th day of March, **2020.**

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE